UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RAMAR DANIELS,                          )
                                        )
                    Petitioner,         )
                                        )
          v.                            )          No. 1:20-cv-01470-TWP-TAB
                                        )
DUSHAN ZATECKY,                         )
                                        )
                    Respondent.         )

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on the petition of Ramar Daniels for a Writ of Habeas Corpus (Dkt. 1), challenging a prison disciplinary proceeding identified as ISR 19-10-0104. For the reasons explained in this Entry, Mr. Daniels' habeas petition must be **denied**.

**A.      Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

1

### B.     The Disciplinary Proceeding

On October 12, 2019, Sergeant Hurt wrote a conduct report charging Mr. Daniels with

offense A-106, possession of a deadly weapon. The conduct report stated:

> On the above date at 11:30 pm I Sgt B. Hurt was shaking down offender Daniels,
> Ramar #104542 cell 9 on 6A. Under his mattress was a homemade weapon 8 inches
> long with a Sharpe point on one end with white medical tape wrap around the other
> end.

Dkt. 8-1 (errors in original).

Sgt. Hurt confiscated, photographed, and stored the weapon in an I & I locker. Dkts. 8-2, 8-

3.

On October 17, 2019, screening officer Christina Cooke attempted to notify Mr. Daniels of

the charge of A-106, possession of a deadly weapon. Dkt. 8-4; dkt. 8-5, ¶ 4. When she entered the

unit where Mr. Daniels was housed, various offenders yelled profanities at Officer Cooke and

threatened to "gun" her "down" and "secrete other bodily fluids in [her] face." *Id.*; dkt. 8-5. Officer

Cooke had to leave the unit so the officers on post could regain order. Dkt. 8-5, ¶ 4.

Officer Cooke later provided Mr. Daniels a copy of the conduct report and informed him he

could mail in requests for evidence. *Id.*, ¶ 7. Because Officer Cooke could not screen Mr. Daniels,

he could not plead guilty and could not waive his right to 24 hours' notice before the hearing. *Id.*,

¶ 8. Officer Cooke therefore "checked the boxes that he pled 'not guilty' and did not waive his right

to 24-hour notice of the hearing." *Id.*

Mr. Daniels later requested a lay advocate and one was subsequently appointed. Dkt. 8-6;

dkt. 8-7. Mr. Daniels did not request any witnesses, but he requested DNA and video evidence to

show that the weapon was not his and that someone else put the weapon in his cell. Dkt. 8-7.

On October 23, 2019, the disciplinary hearing officer (DHO) reviewed the video and

completed a video review report. Dkt. 8-9. The DHO did not allow Mr. Daniels to review the video

because it would allow the offender to learn the limitations and capabilities of the facility's cameras and open the facility to future safety and security issues. Dkt. 8-9. The DHO reported that the video evidence of the search showed Sergeant Hurt escorting Mr. Daniels out of his cell and off the range, Sergeant Hurt entering the cell and then leaving the cell with a weapon he did not have before he went into the cell. *Id.*; dkt. 9 (*ex parte* photograph).

On November 13, 2019, the DHO held a hearing in case ISR 19-10-0104. Mr. Daniels' statement at the hearing was:

> I aint guilty. If I had DNA evidence I could prove my innocence. The weapon is 7 inches and that's not medical tape around the weapon. Theres a lot of inconsistences. DNA or finger prints to prove someone outside of my cell handled that weapon.

Dkt. 8-8.

The DHO notes on the report of disciplinary hearing that Mr. Daniels "asked for DNA evidence but that was denied due to DOC does not do DNA evidence." *Id.* The DHO found Mr. Daniels guilty of offense A-106, possessing a weapon, based on staff reports, photos, and the video evidence. *Id.* The DHO imposed the following sanctions: a 30-day loss of privileges, 90 days of restrictive housing (suspended), and a 90-day loss of earned credit time. *Id.*

Mr. Daniels' appeal to the facility head arguing that he was denied a screening, DNA, fingerprints, and video evidence was denied. Dkt. 8-10. His second level appeal to the final reviewing authority was also denied. Dkt. 8-11.

**C.   Analysis**

Mr. Daniels alleges that his due process rights were violated in the disciplinary proceeding. His claims are: 1) he was not screened; 2) he was denied DNA and fingerprint evidence; 3) there was insufficient evidence to support the finding of guilt; and 4) the DHO was not impartial.

3

The Warden first argues that Mr. Daniels failed to exhaust his claims on appeal that the DHO was not impartial and challenging the sufficiency of the evidence. Mr. Daniels responds that he had to rewrite his appeal more than once because the case worker kept returning it because "people at the prison didn't like Daniels' allegations." Dkt. 14. Rather than expend judicial resources on these procedural arguments, the Court elects to proceed to the merits of Mr. Daniels' due process claims. *See Washington v. Boughton,* 884 F.3d 692, 698 (7th Cir. 2018) ("We pause here to confirm that this approach is consistent with the interests of comity, finality, federalism, and judicial efficiency that are at the heart of both the exhaustion requirement and the procedural default doctrine.").

Mr. Daniels' first claim is that he was not screened. The Court treats this claim as a challenge to the sufficiency of the notice he was given of the charge. A prisoner has a right to notice of the charges against him "in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff,* 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks,* 326 F.3d 909, 910 (7th Cir. 2003) (citing *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995)). "The notice requirement permits the accused to gather the relevant facts and prepare a defense." *Northern,* 326 F.3d at 910.

Here, although the screening officer was forced to leave the unit before screening Mr. Daniels on the charge, he was provided a copy of the conduct report more than 24 hours before the hearing. He was also informed that he could send in a written request for evidence, which he did. Dkt. 8-5, ¶ 7; dkt. 8-7. He was given sufficient notice of the charge and the facts to allow him to prepare his defense. This claim fails.

Next, Mr. Daniels contends that he was denied DNA and fingerprint evidence he requested. This claim fails because the evidence he requested did not exist and he is not entitled to have additional evidence created on his behalf. *Manley v. Butts,* 699 F. App'x 574, 576 (7th Cir. 2017) ("Prison administrators are not obligated to create favorable evidence or produce evidence they do not have."). Even if it was error to not provide such evidence, unless Mr. Daniels can show that he suffered prejudice as a result, any error would be harmless. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir.2011) (absent prejudice, any alleged due process error is harmless error). Mr. Daniels cannot show prejudice because even if someone else did bring the weapon into his cell, pursuant to Indiana Department of Correction policy, an offender is responsible for, *i.e.*, possesses, items located within his cell. Dkt. 8-13 at 5.

Mr. Daniels' final claim is a challenge to the sufficiency of the evidence. The evidentiary standard for disciplinary habeas claims, "some evidence," is very low. "The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (citation and quotation marks omitted); *see also Ellison,* 820 F.3d at 274 ("a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."); *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016) ("Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'") (quoting *Hill*, 472 U.S. at 455-56)). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

In this case, Mr. Daniels argues that there are discrepancies in the conduct report because the photograph of the weapon shows that it was less than 8 inches long and it was wrapped in clear, rather than white, tape. He also questions the fact that the photograph does not show a mattress, but instead shows a computer keyboard in the background. The background of the photograph is easily explained, however, because the photograph was taken after the weapon was confiscated and taken out of his cell.  Dkt. 8-2; dkt. 8-3. As to the color of the tape, even if it were clear, the accumulation of the wrapped tape makes it appear white. Dkt. 8-3. Moreover, the size of the weapon is close to 8 inches, as compared with the sheet of paper next to it. There is nothing about the length of the weapon or color of the tape that does not support the charge of possession.

The DHO considered the evidence consisting of staff reports, the photograph, and video evidence. This is more than enough evidence to pass constitutional muster.

In sum, Mr. Daniels was given proper notice and had an opportunity to defend the charge. The DHO provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Daniels' due process rights.

**D.    Conclusion**

For the above reasons, Mr. Daniels is not entitled to the relief he seeks. His Petition for a Writ of Habeas Corpus, dkt. [1], must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:   3/8/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

RAMAR DANIELS
104542
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov